IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KAREN BRENNAN,[1] | § | |
| | § | No. 585, 2018 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN11-04077 |
| KYLE ABRAMS, | § | Petition No. 17-35862 |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: August 9, 2019
Decided:    August 16, 2019

Before **VAUGHN, SEITZ**, and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the parties' briefs and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Family Court's order dated October 26, 2018, finding the appellant in contempt for destroying and removing certain personal property allocated to the appellee in the Family Court's July 13, 2017 order. The Family Court heard the testimony of the witnesses, including the parties, and reviewed the parties' electronic communications regarding the property at issue. On the basis of the evidence presented, the court reached factual conclusions about whether the appellee had

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

consented to the destruction or removal of the property and the parties' intent concerning the use of certain furniture items for staging the parties' home for sale. The fact that the appellant disagrees with the court's factual determinations is not a basis for reversal. Factual findings will not be disturbed on appeal unless they are clearly erroneous.[2] Moreover, when the determination of facts turns on a question of the credibility of the witnesses appearing before the trial court, we will not substitute our opinion for that of the trier of fact.[3] We find no abuse of discretion in the trial court's valuation of the property.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED. The appellant's motion for a stay pending appeal is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[2] *Shimel v. Shimel*, 2019 WL 2142066 (Del. May 14, 2019).
[3] *Id.*
[4] *See Barnard v. McKee*, 2002 WL 31996342 (Del. Oct. 7, 2002) (holding, in contempt proceeding, that Family Court did not abuse its discretion when determining values for model boats awarded to former husband but in the possession of former wife, after former husband received "inferior substitutes" for the property).